IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Trena Nelson-Rivers,<br><br>      Plaintiff,<br><br>      v.<br><br>Berkeley Electric Cooperative Board, Berkeley Propane Board, Berkeley Electric Cooperative, Inc., Michael Fuller-CEO of Berkeley Electric Cooperative, Inc., John "Jack" B. Williams-General Counsel of Berkeley Electric Cooperative, Inc., H. Wayne Dewitt-Board Chairman, and Louise Meade, Vice President of Human Resources,<br>      Defendants. | C/A No.:<br><br><br><br>COMPLAINT<br>**Jury Trial Requested** |

## INTRODUCTION

    Plaintiff Trena Nelson-Rivers, by and through her undersigned counsel, asserts the following Causes of Action of Race Discrimination in Violation of 42 U.S.C. § 1981, Breach of Contract, Breach of Contract with Fraudulent Intent, Conspiracy, Breach of Fiduciary Duty against Berkeley Electric Cooperative Board and Berkeley Propane Board, Berkeley Electric Cooperative, Inc., and H. Wayne Dewitt, in his official capacity as Board Chairman of both entities named above, Michael Fuller-CEO of Berkeley Electric Cooperative, Inc., John "Jack" B. Williams-General Counsel of Berkeley Electric Cooperative, Inc., and Louise Meade, Vice President of Human Resources, also in their individual capacities, based on the following assertions.

## ADMINISTRATIVE CHARGE

    Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 1981 and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on state law.

2. Venue is proper in the Charleston Division, because the causes of action arose therein, the acts and practices complained of occurred there, and it is where Defendants do business and may be found.

## PARTIES

3. Plaintiff is an African-American female and a citizen of the United States. Plaintiff resides in Berkeley County, South Carolina within this Judicial District.

4. Defendant Berkeley Electric Cooperative Board and Berkeley Propane Board are joint entities operating under a single Board of Directors oversight and authority. Each Board representative oversees the separate operations of both cooperative utilities.

5. Defendant Berkeley Electric Cooperative, Inc. is an organization conducting business and operations in the State of South Carolina. Defendant is legally organized and exists under the Code of Laws of the State of South Carolina.

6. Upon information and belief, Defendant Fuller is a citizen of South Carolina and resides in this Judicial District.

7. Upon information and belief, Defendant Williams is a citizen of South Carolina and resides in this Judicial District.

## FACTS

1. Plaintiff is a 50-year-old African-American female who commenced employment with the Defendant Berkeley Electric Cooperative on April 19, 1999. Plaintiff was initially hired as an Accounting Clerk and later applied on August 1, 2016, for a Fleet Manager position in which the CEO participated in.

2. Plaintiff was instead offered and promoted on August 20, 2016, to the position of Vice President of Cooperative Enterprises of Berkeley Propane Division.

3. Throughout Plaintiff's career, Plaintiff served as Vice President of Cooperative Enterprises of Berkeley Propane Division as the CEO of Berkeley Propane, managing the daily responsibilities of the Propane Division with direct reporting authority to the Board of Directors on matters involving budgetary and financial operations and staffing for the Propane Division.

4. Plaintiff was given the unilateral authority by the Board of Trustees through delegation of authority to Plaintiff for management of Administrative policies under Board Directive issued effective April 6, 1999, and revised May 26, 2020. The Board knew the organizational structure separated the Propane Division on May 1, 2020, and incorporated the organizational structure on May 26, 2020, prior to the resignation of CEO Cartwright on September 1, 2020.

5. Plaintiff operated as the President and Chief Executive Officer for the Propane Division, and at no time during Plaintiff's employment was there ever an amendment of an established procedure for Plaintiff to report to Defendant Michael Fuller, CEO of Defendant's Electric Co-Op Division.

6. Historically, on May 1, 2020, in an effort to solidify the lines of reporting authority, CEO Cartwright (Caucasian male) did policy changes for the Berkeley Propane Company directly severing any reporting authority of the Berkeley Propane Division to him and placed Plaintiff into the position of CEO of the Berkeley Propane Division reporting directly to the Board of Trustees.

7. Plaintiff, as the only African American female Vice President of the Berkeley Electric Cooperative utility entity, enjoyed a great relationship with the Board; she increased revenue, opened a retail space, and managed budgetary issues, which secured a three-and-a-half-year written lease for the Berkeley Propane Division.

8. Plaintiff's work environment and relationship with Electric Co-Op CEO, Michael Fuller (Caucasian male), became very racially toxic after the departure of CEO Cartwright on September 1, 2020, and the hiring of Board CEO Michael Fuller on September 21, 2020.

9. Plaintiff, despite daily interference with the administration of her duties by Defendant Fuller, continued to manage the Propane Division in an exemplary manner, having little turnover of staff and maintaining the financial stability of the Propane Division. Plaintiff endured some difficulties and hard times in 2017 and 2018 due to a snowstorm in the Low Country but was supported by the Board as she overcame customer difficulties and improved propane deliveries even in conditions of a severe snowstorm.

10. Plaintiff's comparison of her work life between May 1, 2017, and August 1, 2020, before the arrival of Defendant Fuller as stated above was fully supported by the Board and the utility authority. Plaintiff's direct timeline of adverse actions which were racially motivated and intensified on February 1, 2023, when Plaintiff, in a meeting with Defendant Michael Fuller, began to question Fuller's micromanagement of the Propane Division, which he

had no responsibility for the management of the Propane Division. On February 1, Defendant Fuller stated and Plaintiff quotes "You are acting pissy and are beginning to piss him off." Plaintiff immediately ended the conversation to avoid any more harassing statements from him, but following that encounter, Plaintiff met with the Human Resources Department of the entire authority to express her displeasure, and the racially overt actions meted towards Plaintiff by Defendant Fuller. Plaintiff also indicated that she believed that Defendant Fuller orchestrated a conspiracy against her to effectively start a process of removing Plaintiff from her position, which was a conspired effort between Defendants Michael Fuller, John "Jack B" Williams, H. Wayne Dewitt, and Louise Meade. Beginning in March of 2024, on information and belief, the above co-conspirators began a power move to sell the Berkeley Propane Division in a targeted retaliatory effort against Plaintiff for her having raised racial concerns regarding her interactions with Defendant Fuller and Langdon to the Human Resources Department as stated above.

11. The Plaintiff engaged in strategic planning sessions from 2021 to 2024 with the Board. At the Board meeting on March 25, 2024, the Board came out of Executive session and made a motion to hire GDS Associates to conduct a business study on Berkeley Propane, which the Plaintiff was not informed of or included in. Plaintiff led most of the strategic planning and reported to the Board on September 1, 2024, strategic updates and items that had been implemented since the prior update on February 26, 2024, showing better efficiency of the Propane Division.

12. Defendant Fuller was operating in a combined conspiracy with Defendants John "Jack B" Williams, and Louise Meade to jointly, without any consult with Plaintiff, as CEO of the Propane Division, implement an unauthorized customer service survey on Berkeley

Propane customers to create a customer negative backlash against Plaintiff and Berkeley Propane Company. The intent of this survey was to cause harm to Plaintiff's professional standing and community credibility standing.

13. Defendant Fuller, Dewitt, Williams, and Meade engaged in an ongoing scheme from March 1, 2024, to November 22, 2024, with the hiring of a consultant to carry out the plans to destroy Plaintiff in her job and to sell the Propane Division to an outside entity contrary to Plaintiff's efforts to resist the sale of the Propane Division.

14. The Plaintiff attended a Cooperative Enterprise Board meeting on November 25, 2024, and presented to the Board of Directors that Customer Service Surveys were being compromised and could not furnish the Board with accurate numbers. Defendant Williams asked Plaintiff to elaborate on her statement, in which she explained to the Board. In fact, prior to the Cooperative Enterprise Board meeting, there was a Berkeley Electric Board meeting with GDS Consultants presenting results of the Berkeley Propane Business Study, and was requested to decide on the sale of the company, but tabled the decision against Defendants Fuller, Dewitt, and Williams' recommendation.

15. Following the November 25, 2024, decision by the Board to table the vote against the sale of the Propane Division, Defendants Fuller and Williams were extremely upset with Plaintiff and began a conspiracy scheme to pretextually find a means to terminate Plaintiff's employment. Defendant Williams had nothing to do with the day-to-day operations of the Propane Division but made it a point to seek out a pretextual reason to manufacture the termination of Plaintiff within a close temporal proximity of Plaintiff's appearance before the Board Cooperative.

16. On December 17, 2024, Plaintiff was terminated by Defendant Michael Fuller, without the approval of the Board of Trustees of either entity after being put on Administrative Leave on December 10, 2024, by Defendant John Williams and Louise Meade on behalf of the CEO, pretextually alleging that Plaintiff "your access to the Cooperative's confidential information to uncover personal and confidential information about a co-worker and then shared this confidential information with Sharon Varner to promote workplace gossip." Defendant Williams and Meade further accused Plaintiff of "snooping through records including confidential itemized legal invoices, records for one of the other Vice Presidents, and records for multiple other employees."

17. Plaintiff's termination of December 17, 2024, was done in a manner to degrade, humiliate, and disparage Plaintiff in front of her co-workers and colleagues as she was ordered out of the building forcefully as she was forced to relinquish her company car, keys, computer and company phone and told to get out the building and go stand in the parking lot to await a ride from family members. This was witnessed by numerous staff members who were appalled by the treatment of Plaintiff by Defendant Fuller, Williams, and Meade.

18. The Plaintiff sought redress through both Boards but did not receive any response from the Boards, and the Boards condoned the actions of the Defendants, thereby breaching its fiduciary duty set out in its personal policies revised May 26, 2020. The Board of Trustees of both entities never protected Plaintiff as Vice President of Berkeley Cooperative Enterprises in stopping the racial harassment by Defendants Fuller, Dewitt, Williams, and Meade, and by not interceding to prevent or overturn Plaintiff's racially discriminatory termination. Plaintiff also notes that the Defendant agency has maintained a history of discriminating against African Americans on all levels and that she was subjected to

racially discriminatory treatment due to her Race, dating from February 1, 2023, until her termination on December 17, 2024.

## FIRST CAUSE OF ACTION

**Race Discrimination in violation of 42 U.S.C. § 1981**, **as to Defendants Berkeley Electric Cooperative Board, Berkeley Propane Board, Michael Fuller, John "Jack" B. Williams, and Louise Meade, in their official capacities**

19. Plaintiff reiterates and fully incorporates each and every assertion set forth above as if repeated herein verbatim.

20. Plaintiff is a member of a protected class on the basis of her Race (African American).

21. Plaintiff alleges Defendant, through its agents, initiated discriminatory practices against Plaintiff based upon her Race.

22. Plaintiff was subjected to Race Discrimination on the basis of her Race, resulting from the racially hostile treatment towards her by Defendant, and Defendant's agents, in violation of Title VII of the Civil Rights Act of 1964, as amended.

23. Defendant, by and through its agents, began a pattern and practice of targeting Plaintiff through systematic Race-based micromanagement and harassment to disregard Plaintiff's autonomy and authority as Vice President of Berkeley Electric Cooperative and CEO of Berkeley Propane Division.

24. Upon information and belief, Plaintiff's Caucasian colleagues of similar title, responsibility, and authority were not subjected to such treatment, and Defendant made no efforts to protect Plaintiff from routine and consistent harassment by Defendants Fuller, Williams, and Meade.

25. The Plaintiff alleges that this racially discriminatory treatment on the job was continuous and occurred on a daily basis.

26. Further, Plaintiff alleges that Defendant, through its agents, initiated Racially discriminatory and hostile practices against Plaintiff that were reckless and wanton including:

    a. Undermining Plaintiff's initiatives and directives as Vice President of Berkeley Electric Cooperative and CEO of Berkeley Propane Division.

    b. Continuing to permit Defendant Fuller, Williams, and Meade's unwelcomed, unwarranted, and consistent Racial Discrimination against Plaintiff.

    c. Failing to properly investigate Plaintiff's reasoning for termination or allowing Plaintiff redress to refute the claims brought against her.

    d. Continuing these racially discriminatory and egregious practices while Plaintiff's similarly situated Caucasian colleagues were exempt from such treatment.

27. By knowingly allowing such objectively and subjectively pervasive Racial Hostility to exist, Defendant effectively created and condoned the same; However, Plaintiff's job performance and effectiveness was not negatively impacted despite the effect the racial discrimination had on her physical and mental health.

28. Further, Defendant, by and through Defendants Fuller, Williams, and Meade, retaliated against Plaintiff for her Race via its discriminatory and racially adverse treatment of Plaintiff. Moreover, Defendants' adverse treatment towards Plaintiff occurred and/or intensified in close temporal proximity of time to when the Board of Trustees tabled the sale of the Berkeley Propane Division.

29. But for the Defendant's conduct, by and through Defendants Fuller, Williams, and Meade, Plaintiff would not have been forced to endure Race Discrimination and an untimely termination.

30. By failing to protect Plaintiff from Defendants Fuller, Williams, and Meade's racially motivated harassment, Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000 et. seq.) the South Carolina Human Affairs Law, and the United States Equal Employment Opportunity Laws.

31. As a result of Defendants' racially discriminatory conduct, accompanied by Plaintiff's continuous and ongoing exposure to such conduct, Plaintiff has suffered damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages. Plaintiff further believes she should be awarded actual damages and punitive damages against Defendant due to its unlawful discriminatory treatment of Plaintiff under Title VII of the Civil Rights Act of 1964, as amended.

32. As a result of the aforesaid acts, Plaintiff experienced increased anxiety, embarrassment, and low self-esteem.

## SECOND CAUSE OF ACTION

**Breach of Contract as to Defendant Berkeley Electric Cooperative, Inc.**

33. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

34. Plaintiff and Defendant entered into a binding and legal contract for employment with Berkeley Electric Cooperative as an Accounting Clerk for Berkeley Electric Cooperative beginning April 19, 1999. The Plaintiff was later promoted to Vice President of Berkeley

    Cooperative Enterprises Propane Division by CEO Cartwright on May 1, 2017. Plaintiff accepted the offer of employment and agreed to fulfill the duties of her position in exchange for valuable consideration, her salary, and Defendant's guarantee that she would be protected from racial discrimination.

35. Defendant maintained an employment handbook and its mandatory policies and procedures to include Plaintiff's job description, which set out conditions that Plaintiff performed in an exemplary manner.

36. Plaintiff continuously and diligently worked for Defendant for 24 years and always put the needs and concerns of the Berkeley Electric Cooperative Enterprises and Berkeley Propane Division first during her employment as an Accounting Clerk and later CEO of Berkeley Propane Division.

37. At all times during her employment, Plaintiff relied on the promises contained in Defendant's Handbook, policies, procedures, and governing documents.

38. Throughout Plaintiff's employment, Plaintiff had access to personnel records and confidential information to sufficiently supervise budgetary issues for the Berkeley Propane Division.

39. Defendant breached its employment contract with Plaintiff by failing to protect Plaintiff from Race Discrimination by the hands of Defendants Fuller, Williams, and Meade. Defendant further breached its employment contract with Plaintiff on December 10, 2024, by falsely accusing Plaintiff of "accessing Cooperative's confidential information to uncover personal and confidential information about a co-worker and then shared this confidential information with Sharon Varner to promote workplace gossip.

40. Defendants failed to provide Plaintiff with any explanation as to what information was shared, when such information was shared, and why she could not access such information in her position as CEO of the Berkeley Propane Division to effectively perform her job as she had done numerous times before.

41. Defendants have unjustifiably failed to fulfil the employment contract with Plaintiff by placing her on Administrative Leave and then terminating her without redress.

42. As a proximate result of Defendant's breach of contract, Plaintiff has suffered humiliation, embarrassment, anxiety, and low self-esteem.

THIRD CAUSE OF ACTION

**Breach of Contract Accompanied with Fraudulent Intent as to Defendant Berkeley Electric Cooperative, Inc.**

43. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

44. Defendant Berkeley Electric Cooperative, Inc., by and through its agents Fuller, and Williams, failed to fulfill the obligations flowing from its own written policies, including the above-referenced agreement with Berkeley Electric Cooperative Inc., and other policies applicable to Plaintiff which together with their promissory and mandatory terms form a contract with Plaintiff. The Berkeley Propane Board condoned the acts of Berkeley Electric Cooperative, Inc., and Defendant CEO Michael Fuller.

45. Defendant Berkeley Electric Cooperative Inc., by and through its agents Fuller, Williams, and Meade, breached the terms thereof by reason of an intentional design on its part to defraud Plaintiff.

46. In furtherance of such intentional design, Defendant Berkeley Electric Cooperative Inc., through its agents Fuller, Williams, and Meade intentionally and maliciously terminated Plaintiff by forcing her termination, which was pretextually done after the Board of Trustees tabled the sale of the Berkeley Propane Division, which Plaintiff was in the position as CEO.

47. It became readily apparent to Plaintiff that Defendant Berkeley Electric Cooperative Inc.'s reassurances were fraudulent when it deliberately violated its own policies and procedures to terminate Plaintiff, evidenced by the complete lack of intent to act in accordance therewith.

48. Defendant's fraudulent assurances are also evidenced by its failure to provide any form of due process to address her termination procedurally or any form of benefits Plaintiff had earned over her tenure with Defendant as a salaried employee.

49. Defendants Berkeley Electric Cooperative Inc.'s conduct, by and through its agents Fuller, Williams, and Meade, was executed in bad faith and breached the implied covenant of good faith and fair dealings implied in every employment contract.

50. As a result of Defendant Berkeley Electric Cooperative Inc.'s deliberate breach of contract, the termination of Plaintiff, and exposure of Plaintiff to its fraudulent breaches of contract, Plaintiff suffered damages in the form of actual, compensatory, consequential, physical, mental, and other damages.

51. Plaintiff further believes that a reasonable amount of punitive damages should be levied against Defendant Berkeley Electric Cooperative Inc. on account of its unlawful treatment of Plaintiff and its fraudulent contractual breaches.

## FOURTH CAUSE OF ACTION

**Conspiracy as to Defendants Michael Fuller, John "Jack" B. Williams, and Louise Meade, in their individual capacities.**

52. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

53. The Plaintiff has been targeted by the deliberate design of Defendants Fuller, Williams, and Meade in a conspiracy to ensure the termination of Plaintiff's employment, and willful disregard of her contractual rights. Defendants deliberately conspired to inflict Race Discrimination upon Plaintiff to create a hostile work environment for Plaintiff.

54. Defendants conspired to deliberately violate Board policy to terminate Plaintiff's employment with no notice and without formal Board approval.

55. Plaintiff asserts that her termination was pretextual and done as a form of retaliation, as Plaintiff actively participated in the tabling of the sale of the Berkeley Propane Division, and as a result, Plaintiff was terminated.

56. The natural consequence of the Defendants' combined actions caused special damages for pecuniary losses, embarrassment, humiliation, pain & suffering, mental anguish, loss of enjoyment of life, and further non-pecuniary losses.

57. Accordingly, due to the acts of the Defendants, Plaintiff, Mrs. Nelson-Rivers is entitled to injunctive relief and/or civil damages, renumeration of lost wages and benefits, and reinstatement of benefits.

## FIFTH CAUSE OF ACTION

**Breach of Fiduciary Duty as to Defendants Michael Fuller, John "Jack" B. Williams, H. Wayne Dewitt, and Louise Meade, in their official capacities, the Berkeley Electric Cooperative Board, Berkeley Propane Board**

58. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as set forth verbatim herein.

59. The Defendants owed the Berkeley Propane Division a fiduciary duty to carry out the wants and needs of the Berkeley Propane Division effectively, as it is an essential component of the Berkeley Electric Cooperative, Inc.

60. The Plaintiff placed special confidence in the Defendants to carry out their duties as leaders of Berkeley Electric Cooperative and the Berkeley Propane Division efficiently and without prejudice to further the company's goals and objectives to ensure their success collectively.

61. However, the Defendants breached their fiduciary duty to Plaintiff, CEO of Berkeley Propane Division, by using their positions to prioritize their own interests over those of the Berkeley Propane Division and its stakeholders, rather than acting in good faith and in the best interests of the Berkeley Propane Division.

62. The Defendants, without equity or good conscience, breached this duty by attempting to sell the Berkeley Propane Division for personal monetary value instead of prioritizing the interests of such an entity.

63. As a result, the Plaintiff, as CEO of the Berkeley Propane Division, suffered irreparable harm by being retaliated against for stopping the sale of the Berkeley Propane Division and request damages in the form of actual, compensatory, consequential, physical, mental, emotional, and other damages.

## JURY TRIAL REQUESTED

1. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

2. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendants' actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

    a. Declaring the actions complained of herein illegal;

    b. In favor of Plaintiff and against Individual Defendants for all causes of action herein alleged in an amount which is fair, just, and reasonable, and for actual, compensatory, special, and punitive damages;

    c. In favor of Plaintiff and against Defendants for all causes of action in an amount which is fair, just, and reasonable, and for actual and compensatory damages;

    d. Issuing an injunction enjoining Defendants, their Agents, Employees, Successors, Attorneys and those acting in concert or participation with Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act of 1964 (Race Discrimination/ Racially Hostile Work Environment/ Retaliation), , Breach of Contract, Breach of Contract Accompanied with Fraudulent Intent, Civil Conspiracy, Breach of Fiduciary Duty and the common laws of the State of South Carolina.

e. Awarding Plaintiff actual and compensatory damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of Defendants' unlawful discriminatory actions taken as a result of Plaintiff's Race and other pled causes of action, including: physical and mental anguish, pain and suffering, harm to Plaintiff's economic opportunities (present and future), any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits and retirement benefits;

f. Awarding Plaintiff his costs and expenses in this action, including reasonable Attorney's fees, and other litigation expenses; and

g. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

[SIGNATURE ON FOLLOWING PAGE]

        Respectfully Submitted,

        _____s/Donald Gist_____
        Donald Gist (13098)
        ***GIST LAW FIRM, P.A.***
        4400 North Main Street (29230)
        Post Office Box 30007
        Columbia, South Carolina 29230
        Tel. (803) 771-8007
        Fax (803) 771-0063
        Email: dtommygist@yahoo.com

        ***Attorney for Plaintiff***

March 26, 2025